**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL APPLEBEE WILHELM, | No. 12-35253 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01455-BR |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 13, 2015[**]

Before: LEAVY, GRABER, and OWENS, Circuit Judges.

Carol Applebee Wilhelm appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Substantial evidence supports the Administrative Law Judge's (ALJ) determination that Wilhelm's foot condition was not a severe impairment. Considering the medical evidence, including the lack of any significant treatment records for Wilhelm's foot after 2006, the ALJ reasonably inferred that Wilhelm's foot impairment did not significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(c); *Molina,* 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Jensen's opinion that Wilhelm would be unable to work due to her neck and back pain.  As the ALJ noted, Dr. Jensen's opinion was inconsistent with the claimant's actual activities and disproportionate to the objective medical findings, which failed to show any significant problems. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-03 (9th Cir. 1999) (ALJ may reject a medical opinion that is internally inconsistent, inconsistent with claimant's activities, or inconsistent with other medical findings).  Moreover, Dr. Jensen's opinion also contradicted her own treatment notes, which noted that

2

Wilhelm's back pain could at times be managed with medication, was sometimes mild or intermittent, and did not prevent Wilhelm from brushing and feeding her horses.

The ALJ provided specific, clear and convincing reasons for discounting Wilhelm's testimony regarding the intensity, persistence and limiting effects of her symptoms. The ALJ properly considered Wilhelm's medical records, the testimony of the medical expert, and the written testimony of Wilhelm's husband in the ALJ's determination that Wilhem's subjective complaints were not credible. Moreover, substantial evidence supported the ALJ's treatment of the lay witness testimony; the ALJ considered the testimony, concluding it was credible and consistent with an ability to perform light exertional level activities. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Finally, Wilhelm argues that the ALJ's step-four finding was not supported by substantial evidence, and that the ALJ's hypothetical to the vocational expert was incomplete. These arguments, however, are simply a restatement of Wilhelm's previous argument that the ALJ improperly discounted Wilhelm's testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (finding that claimant's assertion that the hypothetical was incomplete simply restated claimant's challenge to a residual functional capacity

3

determination); *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (proper hypothetical need only include those restrictions that were supported by substantial evidence).

**AFFIRMED.**